JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
ELISSE LAROUCHE, Bar No. 308533
KAITLYN FRYZEK, Bar No. 340229
Assistant Federal Public Defenders
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:  (510) 637-3500
Facsimile:  (510) 637-3507
Email:      Elisse_Larouche@fd.org
Email:      Kaitlyn_Fryzek@fd.org

Counsel for Defendant Thompson

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRENDAN (BELLA) THOMPSON,<br><br>Defendant. | Case No.: CR 25–71288 KAW<br><br>**MOTION TO CONDUCT BAIL HEARING UNDER SEAL**<br><br>Court:         Courtroom 4, 3 Floor<br>Hearing Date:  November 14, 2025<br>Hearing Time:  10:30 a.m. |

    The parties in the *U.S. v. Brendan (Bella) Thompson* matter are set for a bail hearing before this Court on Friday, November 14, 2025. The defense files this motion requesting that the Court conduct the bail hearing under seal. The defense contacted government counsel yesterday morning regarding its position on conducting the hearing under seal, and in the late afternoon, the government indicated it opposed the motion.

    Based on the pretrial interview and the defense's investigations thus far, the defense anticipates that there will be significant discussion of Ms. Thompson's personal medical information, including her mental health diagnosis, medication history and current medication regime, and hospitalization

information. This information is sensitive and private health information and constitutes a compelling reason to seal the information from public disclosure.

The Ninth Circuit has a strong presumption of public access to judicial records, which a moving party must overcome. *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "[n]umerous courts in the Ninth Circuit have held that personal medical and mental health records warrant sealing because in these instances an individual's privacy interests outweigh any public interest in disclosure." *Borenstein v. Animal Found.*, 2024 WL 4557226, at *2 (D. Nev. Oct. 22, 2024), *opinion clarified*, 2024 WL 4883062 (D. Nev. Nov. 22, 2024) (citing *Gary v. Unum Life Ins. Co. of Am.*, 2018 U.S. Dist. LEXIS 64186, at *7–9, 2018 WL 1811470 (D. Or. Apr. 17, 2018) (collecting cases)); *see also United States v. Carpenter*, 923 F.3d 1172, 1180 (9th Cir. 2019) (applying the "compelling reason" standard for sealing in a criminal case); *Haley v. Clark Constr. Grp.-California, Inc.*, No. 18-CV-07542-HSG, 2020 WL 137157, at *5 (N.D. Cal. Jan. 13, 2020) (applying the heightened compelling reason standard in a civil case regarding a dispositive summary judgment motion and finding that plaintiff's privacy interest in his confidential medical information outweighs the public's interest in access to the information and granting the motion to file medical record exhibits under seal) (citing *Economus v. City & Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019); *A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364, at *2 (N.D. Cal. July 2, 2015)); *Farnsworth v. Boe*, 2020 WL 13734952, at *2 (W.D. Wash. Oct. 28, 2020) ("As the Court has previously concluded, the sensitive nature of medical records related to petitioner's mental state justifies maintaining the medical records under seal.").

In sum, courts within the Ninth Circuit have routinely held that an individual's privacy interest in their medical and mental health information outweighs the public's interest in access to that information. The defense will need to articulate specific information regarding Ms. Thompson's medical and mental health information at the bail hearing and anticipates that the Court and parties will need to discuss medical information contained in the pretrial report. Having Ms. Thompon's specific and private medical information exposed to the public would be extremely injurious to her privacy rights and constitutes a compelling reason for the hearing to be conducted under seal.

MOTION TO CONDUCT BAIL HEARING UNDER SEAL
*THOMPSON*, CR 25–71288 KAW

Accordingly, the defense respectfully requests that the Court conduct her bail hearing, or at least the portions wherein medical and mental health issues will be discussed in detail, under seal.

Dated:   November 13, 2025

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S
ELISSE LAROUCHE
Assistant Federal Public Defender