CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    jonah.ross@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | **CASE NO. 4:24-mj-71288 MAG** |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) ) ) | **UNITED STATES' EMERGENCY MOTION TO STAY RELEASE AND FOR BRIEFING SCHEDULE FOR APPEAL OF RELEASE ORDER** |
| BRENDAN MUNRO THOMPSON AKA BELLA THOMPSON | ) ) | |
| Defendant. | ) ) ) | Court: The Hon. P. Casey Pitts |

**NOTICE OF MOTION:** PLEASE TAKE NOTICE that, on November 20, 2025, or as soon thereafter as the matter may be heard, the United States will and hereby does appeal the Magistrate Judge's order releasing Brendan (aka Bella) Munro Thompson pending trial in this matter, which order was issued on November 20, 2025, and moves this Court for entry of an order revoking the Magistrate Judge's release order. *See* 18 U.S.C. § 3145. The Magistrate Judge declined to stay the release order pending this appeal and entered the order effective immediately. The United States accordingly moves this Court to stay the Magistrate Judge's release order until such time as this motion may be heard, and to set a briefing schedule for an appeal of the Magistrate Judge's order releasing the defendant.

The parties first appeared before the Magistrate Judge for a detention hearing on November 14, 2025.  Over the government's objection, the Magistrate Judge granted the defense's motion to seal the hearing.  On November 20, 2025, further detention hearings were held, and the hearing was not sealed to the public.  The government proceeded by proffer at the detention hearings pertaining to the defendant.  Over the government's objection, the Magistrate Judge ordered defendant's release to the proposed sureties/custodians on an unsecured bond, with various conditions of release, including that Thompson participate in mental health treatment. The Magistrate Judge denied the government's request to stay the release order to permit an appeal to this Court and ordered the defendant released effective immediately.

The government now respectfully requests that this Court stay the Magistrate Judge's release order until this appeal may be heard and issue a schedule for briefing of an appeal of that release order.

As the government argued before the Magistrate Judge, during an otherwise peaceful protest on the night of October 23, 2025, defendant drove a U-Haul box truck at a line of armed United States Coast Guard personnel as they shouted orders for Thompson to stop.  After the Coast Guard personnel—who feared for their lives—fired shots at the rear of the U-Haul truck, Thompson sped away and was eventually taken to the hospital for treatment of a bullet wound to the back.  A bystander was also struck by a bullet fragment.  After being detained at the hospital, Thompson attempted to run away from multiple law enforcement officers.  As has been widely reported in the media, Thompson has acknowledged and spoken publicly about Thompson's severe mental health issues.

The conditions of release currently set—which include release to a "partial hospitalization plan"—are insufficient to ensure the safety of the community.

In deciding whether a stay pending judicial review is warranted, a court considers four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder,* 556 U.S. 418, 426 (2009).  Here, the government is irreparably injured if a person it deems to be a danger to the community is released before it can lodge its appeal.  The public interest here lies in safety and ensuring that the government's position that the Defendant is a danger to the community is fully litigated.  The other party, the Defendant will not be substantially injured by a short

24-hour stay. The government made a fulsome presentation as to the danger the Defendant poses to the community, and the government has a right to appeal the Magistrate Judge's adverse ruling.

This case is currently set for a status conference before the Magistrate Judge on January 6, 2026.

Accordingly, the government requests the relief set forth above and submits the attached proposed order consistent with that requested relief.

DATED: November 20, 2025                                  Respectfully submitted,

                                                          CRAG H. MISSAKIAN
                                                          United States Attorney


                                                           */s/ Jonah P. Ross*
                                                          JONAH P. ROSS
                                                          Assistant United States Attorney

## [PROPOSED] ORDER

The Court hereby sets the following schedule for the government to appeal any order of release for Defendant Thompson:

Government's appeal due: _____

Defendant's response due: _____

Any reply due: _____

Hearing date and time: _____.

Any release order issued prior to the above hearing date shall be STAYED pending this Court's resolution of the appeal.

IT IS SO ORDERED.


DATED: _____              _____
                                            HON. P. CASEY PITTS
                                            United States District Judge